

## DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

JANE DOE                )
       (pseudonym)    )    **JURY DEMAND**
       Plaintiff,       )
                )    Case No. 1:13-cw-815
v.                )
                )
HILTON HOTELS CORPORATION  )
7930 Jones Branch Drive     )
McLean, Virginia 22102     )
                )
                )
       Defendant     )
                )

## PUBLIC VERSION - COMPLAINT AND JURY DEMAND

1.    Plaintiff Jane Doe is a female high-school student who has been legally blind since birth. Along with others, in July 2012, Jane Doe attended a conference for the blind convened at a Hilton Hotel in Dallas, Texas. On or about July 3, 2012, as she was participating in the conference, Jane Doe was sexually assaulted. Due to the nature of the lawsuit, she wishes to use the pseudonym Jane Doe to keep her identity confidential. She is a citizen of North Dakota.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1292 and 1332. The parties are diverse, and the amount in controversy exceeds $75,000.

3.    Defendant Hilton Hotels is a publicly-traded global corporation with headquarters located at 7930 Jones Branch Drive, McLean, Virginia, 22102. Defendant operates 3900 hotels in 90 countries, including the United States. Defendant trades under the symbol HLT, and generates the majority of its revenues from operating hotels.

4.    Defendant holds itself out as operating with, among others, the following values:  INTEGRITY – we do the right thing, all the time.  OWNERSHIP – We're the owners of our actions and decisions. NOW – We operate with a sense of urgency and discipline.

5.    Defendant manages, controls and operates a hotel called Hilton Anatole, located at 2201 North Stemmons Freeway, Dallas, Texas..

6.    Defendant generated substantial revenues by managing and operating the Hilton Anatole, which advertises itself out as a "premier destination" for large conventions.

7.    Reasonable discovery will show that Defendant had exclusive power and control over the security measures employed at Hilton Anatole, including but not limited to decisions over personnel, location of security cameras, and security measures to detect non-guest access to the hotel.  As described below, Defendant failed to employ common industry security practices to prevent attacks on guests despite the fact that Hilton Anatole is located in a high-risk neighborhood

## FACTUAL ALLEGATIONS

8.    On or about June 29, 2012, Jane Doe traveled with a group of students and teachers to attend a conference convened from June 29 to July 5, 2012, at the Hilton Anatole in Dallas, Texas.  The conference was sponsored by National Federation for the Blind, and attended by approximately 3000 disabled persons.

9.    Defendant was well aware that the conference attendees were blind. Defendant sought and enjoyed press attention for being the starting point for a 5K march that demonstrated support for independence for the blind.

2

10. Defendant failed to maintain adequate security to prevent criminal activity within the hotel. The Hilton Anatole is accessible through five or more entrances (referred to as the Atrium Entrance, Jade Entrance, Chantilly Entrance, Tower Entrance and West Wing Entrance), yet Hilton management consistently failed to take reasonable steps to monitor hotel security.

11. Defendant failed to follow industry standards for guest security despite being on notice that Hilton Anatole was located in a high-risk neighborhood and that its past failures to employ reasonable security measures harmed invitees to the premises. Reasonable discovery will show that Defendant's dismal record on security at Hilton Anatole is well known to Defendant's management. For example, a Hilton Anatole employee was caught videotaping an invitee while she undressed. Crimes against invitees also occurred at the Hilton Anatole on multiple other occasions prior to the assault on Jane Doe, including, but not limited to crimes occurring on or about April 30, 2011. Crimes also continued to occur after Jane Doe's assault with invitees being subject to criminal activity on or about September 5 and December 6, 2012.

12. Reasonable discovery will show that Defendant was exclusively responsible for security at the Hilton Anatole premises because it was being paid to handle security pursuant to its management agreement. Defendant failed to take appropriate measures to prevent the commissions of crimes on hotel premises.

13. Defendant knew or should have known that the disabled attendees at the National Federation for the Blind lacked the ability to see and could not exercise the same degree of self-help against criminal predation as those able to see.

3

14. Defendant did not take sufficient steps to ensure that criminals did not enter the premises to prey on the disabled attendees at the National Federation for the Blind conference.

15. On or about July 3, 2012, as Jane Doe was walking with a group of conference attendees back to her room. As she was entering her room, a man came up behind her, entered her room, and sexually assaulted her.

16. Although Jane Doe and her colleagues reported the assault, Defendant failed to act. Defendant failed to contact the police, and failed to attempt to apprehend the predator in any way. Defendant also failed to take any measures whatsoever to ensure that Jane Doe was not victimized again, or that other disabled attendees were not victimized.

17. Jane Doe suffered and continues to suffer greatly from the assault. Among other things, the assault caused significant and long-lasting emotional trauma, for which she needs substantial and continued therapy.

## COUNT I – NEGLIGENCE

18. All the foregoing allegations are hereby incorporated by reference in their entirety.

19. Defendant, individually and through their actual and or apparent agents, servants and/or employees, owed Plaintiff, an invitee, a duty to exercise reasonable care to protect Plaintiff from criminal attacks by third parties in the hotel premises.

20. Defendant breached its duty to exercise reasonable care to protect Plaintiff from criminal attacks by third parties or employees in the hotel premises by allowing the Plaintiff to be sexually assaulted by a third party or an employee while on hotel premises.

21.     Defendant also breached its duty to protect Plaintiff by failing to take action to remedy or mitigate the effects of an attack that took place on Defendant premises. Defendant failed to contact the police, and failed to attempt to apprehend the predator in any way. Defendant also failed to take any measures whatsoever to ensure that Jane Doe was not victimized again, or that other disabled attendees were not victimized.

22.     Defendant is liable for the attack on Jane Doe because it acted in reckless and grossly negligent fashion.

23.     As a direct and proximate result of this breach of duty, Plaintiff suffered and continues to suffer physical and emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life. Plaintiff has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for psychological treatment, therapy and counseling.

## COUNT II - NEGLIGENT HIRING AND SUPERVISION

24.     All the foregoing allegations are hereby incorporated by reference in their entirety.

25.     Defendant's negligence in hiring, supervising or retaining security personnel is a direct and proximate cause of injuries to Plaintiff.

26.     As a direct and proximate result of this breach of duty, Plaintiff suffered and continues to suffer physical and emotional distress, shock, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life. Plaintiff has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for psychological treatment, therapy and counseling.

## COUNT III – PREMISES LIABILITY

27.     All the foregoing allegations are hereby incorporated by reference in their entirety.

28.     Defendant, individually and through their actual and or apparent agents, servants and/or employees, owed Plaintiff, an invitee, a duty to exercise reasonable care to protect Plaintiff from criminal attacks by third parties or employees in the hotel premises.

29.     Defendant, individually and through their actual and or apparent agents, servants and/or employees, owed Plaintiff a duty to exercise reasonable care to protect Plaintiff from criminal attacks by third parties or employees in the hotel premises.

30.     Defendant owed a duty of care to the Plaintiff to protect the Plaintiff from harm caused by criminal acts of a third party or employee due to the special relationship that exists between an innkeeper and its guest.

31.     An attack by a third party or an employee on Jane Doe, a blind invitee to the Hilton Anatole premises, was foreseeable.

32.     Defendant breached its duty to exercise reasonable care to protect Plaintiff from criminal attacks by third parties or employees while in the hotel premises by allowing the Plaintiff to be sexually assaulted by a third party or employee while Plaintiff was in Defendant premises.

33.     Defendant's breach of this duty is a direct and proximate cause of injury to Plaintiff.

34.     As a direct and proximate result of this breach of duty, Plaintiff suffered and continues to suffer physical and emotional distress, shock, embarrassment, loss of

6

self-esteem, disgrace, humiliation and loss of enjoyment of life. Plaintiff has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and will continue to incur expenses for psychological treatment, therapy and counseling.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues.

Susan L. Burke 17769
BURKE PLLC
1000 Potomac Street, N.W.
Washington, DC 20007-1105
Telephone: (202) 386-9622
Facsimile: (202) 232-5513
sburke@burkepllc.com